

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. H. Barton
County Attorney
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. 0-7107
Re: Whether under the facts
stated, commissions under
Art. 3926, Vernon's Annotated
Civil Statutes, are payable in
a minor's estate.

We quote from your letter of June 18, 1946, requesting an opinion of this department.

"The minor inherited approximately $100,000.00 from her mother, same being cash in the Overton Refining Company of Tyler, Texas, and was shown as the amount of the estate that said minor was entitled to but the Overton Refinery asked that this money be paid in installments of $20,000.00 each over a period of approximately 4 years. Should this $20,000.00 be taxed as income each year or not. Please give us your ruling as soon as possible."

In response to our request for more detailed information concerning the above, we were given substantially the following additional facts by letter dated July 29th, 1946:

"When the Refining Company settled with her, which created the estate for the minor, they gave her approximately $100,000.00 cash for her interest, but through an agreement were to pay approximately $20,000.00 a year until the amount was paid. Is this $20,000.00 taxable for county judge fees?"

Article 3926, V. A. C. S., provides that the County Judge shall receive the following fees:

Ⓓ COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"1.  A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any account received by any such executor, administrator or guardian."

The foregoing statute, unchanged since its enactment in 1876, appeared in the Revised Civil Statutes, 1911, as Article 3850, and has been construed by the courts of this State in the cases of Lylos v. Cheim, 142 S. W. (2d) 959, affirmed 159 S. W. (2d) 102; Grice v. Cooley, 179 S. W. 1098; Von Konnerits v. Ziller; 245 S. W. 423; and Goodwin v. Downs, 280 S. W. 512. In the case of Willis v. Harvey, 26 S. W. (2d) 288, it was held that an independent executor is not an "executor" within the statute nor did the word "receipts" embrace cash on deposit in the bank at the death of the testator.

It is clear that the statute contemplates and the authorities so hold that the commission is payable to the County Judge upon the submission of exhibits and the annual report showing receipts by the guardian of the minor's estate.

In Willis v. Harvey, supra, the Court stated:

"It is thought that the term 'actual cash receipts' should be held to specifically describe monies received by the executor other than cash or corpus of the estate which was on hand when the testator died, because the words point to and imply that meaning. . . . Also by Article 4310, R. S., commissions are expressly denied to the guardian on 'Estate. . . . first delivered.' The express shutting out of a commission to executors and administrators on 'cash. . . . on hand at the . . . death of the testator or intestate' and to guardians 'on the estate first delivered' is to be taken as an expression of the legislative intent of the scope and purpose of article 3926. There is no difference in the meaning of the terms 'actually receive in cash', as used in article 3689, and 'actual cash receipts,' as used in article 3926, and 'estate when first delivered,' as used in article 4310. . ."

The question before us is not without difficulty in answering. In view of the compensation statutes, however, considering their context one with the other and our inability to assume facts in connection with the settlement sufficient to take the $20,000 "actual cash receipts" out of the category of estate of the ward "when first delivered to him", we feel the question is governed by the language of Justice Levy as above quoted from Willis v. Harvey, supra.

It is therefore the opinion of this department, under the facts submitted, that the $20,000 inheritance, being cash or corpus of the ward's estate on hand at the date of her mother's death is not subject to a commission thereon as provided in Article 3926, subdivision 1, V. A. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY (signed) Wm. J. R. King
          Assistant

WJRK:djm:rt
APPROVED August 6, 1946
(signed) Carlos C. Ashley
First Assistant
Attorney General

Approved: Opinion Committee
By:  B.W.B.,Chairman